UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| DEAN MAYNARD BOLAND, | : | Case No. 16-10250 |
| | : | |
| Debtor. | : | Judge Jessica Price Smith |

## MOTION FOR ORDER DIRECTING EXAMINATION OF DEBTOR DEAN MAYNARD BOLAND PURSUANT TO BANKRUPTCY RULE 2004 AND ORDERING THE PRODUCTION OF CERTAIN DOCUMENTS IN CONNECTION THEREWITH

John W. Forrest ("Mr. Forrest"), a party in interest in these proceedings, by and through the undersigned counsel, hereby moves this Court for entry of an order, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, authorizing the examination of the Debtor Dean Maynard Boland (the "Debtors"). In addition, Mr. Forrest requests that the Debtor be required to produce the documents listed on Exhibit A attached to this Motion at the Cleveland office of Taft Stettinius & Hollister LLP, 200 Public Square, Suite 3500, Cleveland, Ohio 441114, on or before February 29, 2016. Mr. Forrest requests that the examination take place on February 29, 2016 at 1:30 p.m., at the offices of Mr. Forrest's counsel: Taft Stettinius & Hollister LLP, 200 Public Square, Suite 3500, Cleveland, Ohio 441114. Undersigned counsel has spoken with Debtor's counsel, who has agreed to the scheduling of the examination at the time and date set forth above. In support of his Motion, Mr. Forrest respectfully represents as follows:

15447341.1

## BACKGROUND

1.      On January 22, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Mr. Richard A. Baumgart, Esquire serves as the Chapter 7 Trustee in the Debtor's case.

2.      On or about March 6, 2012, Mr. Forrest executed the John W. Forrest Irrevocable Trust dated March 12, 2012 (the "Irrevocable Trust"), naming himself as the Settlor and also as a Qualified Beneficiary. The Irrevocable Trust was established, among other things, for the benefit of Mr. Forrest to pay or apply for Settlor's benefit $10,000 per month, from principal or income, plus discretionary monies for his health, maintenance and support.

3.      On or about March 6, 2012, Mr. Forrest executed the John W. Forrest Legal Fund Trust (the "Legal Fund Trust", collectively with the Irrevocable Trust, the "Trusts"), naming himself as the Settlor and also as a Qualified Beneficiary. The Legal Fund Trust was established to provide funds to Mr. Forrest's attorneys, including the Debtor. During November 2013, Mr. Forrest terminated the Debtor's services as his counsel, but the Debtor retained his position as Trustee of the Trusts.

4.      Both Trusts named the Debtor and Amanda Patterson, Mr. Forrest's former wife, as Co-Trustees. Ms. Patterson resigned as Co-Trustee of both Trusts during December 2012, leaving the Debtor as the sole remaining Trustee of the Trusts.

5.      According to the Schedules filed by the Debtor on the Petition Date, as of the Petition Date, Mr. Forrest held an unliquidated, disputed unsecured claim in the amount of $900,000 (Schedule F- Creditors Holding Unsecured Claims).

2

## RELIEF REQUESTED AND REASONS THEREFOR

6.    Bankruptcy Rule 2004 provides that a party in interest may, upon order of the Court, conduct an examination of any entity that relates to the acts, conduct, property, liabilities and financial condition of the Debtor, or on any matter which may affect the administration of the Debtor's estate.[1]

7.    Mr. Forrest wishes to examine the Debtor concerning (i) actions taken by the Debtor in his role as Trustee of the Trusts, and (ii) the disposition of the assets held by the Trusts.  In addition, Mr. Forrest wishes to examine the Debtors with respect to the Debtor's property, liabilities, and financial condition prior to the Petition Date and thereafter.

8.    Bankruptcy Rule 2004(c) also permits a party in interest to compel documentary evidence in the manner provided in Bankruptcy Rule 9016.  Mr. Forrest wishes to compel production of the documents listed on Exhibit A relevant to the issues set forth above.

9.    Notice of this Motion has been served upon the Office of the United States Trustee for this Region, the Chapter 7 Trustee, counsel for the Debtor, and parties who have requested service in this case.  Accordingly, Mr. Forrest submits that no further notice need be given.

10.    Mr. Forrest reserves the right to amend, supplement, or otherwise modify this Motion.  Mr. Forrest further reserves the right to come before this Court and request further examinations pursuant to Bankruptcy Rule 2004 as it deems necessary.

WHEREFORE, Mr. Forrest respectfully moves this Court for entry of an Order (i) authorizing Mr. Forrest to conduct an examination of the Debtor on February 29, 2016 at 1:30 p.m., at the offices of Mr. Forrest's counsel: Taft Stettinius & Hollister LLP, 200 Public Square,

---

[1] F.R.B.P. 2004.

3

15447341.1

Suite 3500, Cleveland, Ohio 441114 , (ii) compelling the Debtor to produce the documents listed

on Exhibit A on or before February 29, 2016 at 1:30 p.m., at the offices of Mr. Forrest's counsel:

Taft Stettinius & Hollister LLP, 200 Public Square, Suite 3500, Cleveland, Ohio 441114, and

(iii) granting such other and further relief as is just and proper.

Respectfully submitted,

/s/ Dov Y. Frankel
Dov Y. Frankel (0077562)
dfrankel@taftlaw.com
200 Public Square
Suite 3500
Cleveland, Ohio  44114
Telephone: (216) 241-2838
Facsimile: (216) 241-3707

Attorneys for John W. Forrest

1713613_1

4

15447341.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion for Rule 2004 Examination was served this 23rd day of February, 2016:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

- Stephen D. Hobt, on behalf of the Debtor., at shobt@aol.com
- Richard A. Baumgart, Chapter 7 Trustee, at baumgart_trustee@dsb-law.com
- Sheldon Stein, on behalf of Victoria Bloom and Peter Lora, at ssteindocs@gmail.com
- United States Trustee (Registered address)@usdoj.gov

*/s/ Dov Y. Frankel*

1713613_1

5

15447341.1

## EXHIBIT "A

## I.   INTRODUCTION AND DEFINITIONS

The documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the paragraphs set forth below. The time period covered by this document production is January 1, 2015 through the date of the filing of your bankruptcy Petition.

If you withhold any requested document because you claim that it is privileged, attorney work product, or otherwise immune from production, then please provide a written log of each such document, and for each such document, state:

a.   the specific basis on which that document is being withheld;

b.   the date and subject matter of the document;

c.   the name and address of the author and/or originator of the document;

d.   the name and address of the recipient of the document.

Whenever appropriate, the singular form of a word should be interpreted in the plural.

As used herein, "you", "yours" or any variant thereof refers to the parties under subpoena, the said party's agents, employees, or representatives.

"Or" and "and" each mean "and/or," and "all" shall be understood to include and encompass "any."

As used herein, "document" or "documents" shall mean the original or a copy, and includes any non-identical copies or drafts which differ from the original in any way whatsoever (e.g., draft copy or copy containing notes and/or marginalia thereon). For the purposes of this request, "document" further means any kind of printed, recorded, written, graphic or photographic matter (including tape recordings), however printed, produced, reproduced, coded

15447341.1

or stored, of any kind or description, whether sent or received, including originals, copies, reproductions, facsimiles, drafts, and including, without limitation: any writings, letters, electronic mail, telegrams, cables, telex messages, memoranda, correspondence, memoranda or notes of conferences or telephone conversations, reports, notices, studies, lists, work papers, routing slips, intra and interoffice communications to, between or among directors, officers, agents, attorneys, accountants, or employees, compilations of data, papers, books, records, accounts, contracts, deeds, leases, agreements, pictures, photographs, transcripts, minutes, tapes, microfilm, computer data files, emails, websites, printouts, vouchers, accounting statement, engineering diagrams, mechanical and electrical recordings, checks, deposit slips, reports and recordings of conversations, interviews, conferences, committee meetings or other meetings; affidavits, statements, summaries, opinions, court pleadings and reports, indices, studies, analyses, forecasts and evaluations; licenses and agreements; invoices, notebooks, entries, ledgers, journals, books of record, summaries of accounts, balance sheets, income statements, financial statements (audited, unaudited, compiled or otherwise), questionnaires, answers to questionnaires, statistical records, advertising brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expense accounts, lists, tabulations, data sheets, computer tapes and disks, magnetic tapes, punch cards, computer printouts, data processing input and output, computer files, computer programs, computer program coding sheets, microfilms, microfiche; models, photographs, drawings, sketches, blueprints, objects, and all other intangible things upon which any handwriting, typing, printing, drawing, representation, photostatic or other magnetic or electrical impulses or other form of communications recorded, stored or produced, including audio and video recordings and computer-stored information, whether or not in printout form, and things similar to any of the

15447341.1

foregoing, regardless of their author or origin, however denominated by the person(s) upon whom the request is made.

The terms Legal Fund Trust and Irrevocable Trust refer to the John W. Forrest Irrevocable Trust dated Mach 6, 2012 and the John W. Forrest Legal Fund Trust dated March 6, 2012.

The term "litigation" refers to Case No.: 14-000150-CA, pending in Jefferson County, Florida, styled John W. Forrest, as Settlor and Qualified Beneficiary of the John W. Forrest Irrevocable Trust Dated March 6, 2012 and as Settlor and Qualified Beneficiary of the John W. Forrest Legal Fund Trust dated March 6, 2012 v. Dean Boland, as Trustee of the John W. Forrest Irrevocable Trust and John W. Forrest Legal Fund Trust.

## II.   DOCUMENTS TO BE PRODUCED

1. All documents, including, but not limited to, billing records, invoices generated by you or Boland Legal, bank records, bank statements, wire transfers and checks showing payment from the Legal Fund Trust or the Irrevocable Trust to Boland Legal showing reimbursement for costs of the trust litigation.

2. All documents, including, but not limited to, billing records, invoices generated by you or Boland Legal, bank records, voided checks, wire confirmations, etc. demonstrating monies from the Legal Fund Trust or the Irrevocable Trust actually being deposited into the Boland Legal Trust Account.

3. All documents, including, but not limited to, bank records, billing records, invoices generated by you or Boland Legal, voided checks, ATM withdrawals indicating when the

15447341.1

money received from the Legal Fund Trust or Irrevocable Trust was removed from the Boland Legal Trust Account.

4. All documents, including, but not limited to, bank records, invoices generated by you or Boland Legal, billing records and voided checks and wire transfer records demonstrating the monies from the Legal Fund Trust or Irrevocable Trust were deposited in the Boland Legal Trust Account and not its operating account.

5. All documents demonstrating why Boland Legal was reimbursed for costs and not Dean Boland, as Trustee, by the Legal Fund Trust and the Irrevocable Trust.

6. All documents, including time sheets, billing records, invoices from you or Boland Legal, demonstrating that all monies taken from the Legal Fund Trust or the Irrevocable Trust for costs to Boland Legal were only for costs and not for reimbursement of attorney's fees.

7. All documents, including, but not limited to, bank records indicating that money was deposited/transferred from Boland Legal into Dean Boland's personal bank account.

8. All documents demonstrating the manner in which money from the Legal Fund Trust and the Irrevocable Trust was used for reimbursement for costs was spent by Boland.

9. All documents demonstrating Boland gave notice to all qualified beneficiaries of the Legal Fund Trust that he was intending to use the funds of the Trust to reimburse himself for costs related to the Jefferson County, Florida litigation.

15447341.1

10. All documents demonstrating Boland invested funds from either the Irrevocable Trust or the Legal Fund Trust between 2012 to present.

11. A detailed calculation as to the resulting $900,000.00 claim related to the Jefferson County, Florida litigation, and any supporting documentation.

15447341.1