UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 16-10250 |
| DEAN MAYNARD BOLAND, | Chapter 7 |
| Debtor. | Judge Jessica Price Smith |
| JOHN W. FORREST, | |
| Movant, | **MOTION OF JOHN W. FORREST FOR RELIEF FROM STAY** |
| vs. | |
| DEAN MAYNARD BOLAND, | |
| Respondent. | |

John W. Forrest ("Movant"), by and through his undersigned attorney, moves this Court, pursuant to § 362 of Title 11 of The United States Code (the "Bankruptcy Code") and under Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order conditioning, modifying or dissolving the automatic stay imposed by § 362 of the Bankruptcy Code to the extent necessary to permit Movant to prosecute litigation pending in the Second Judicial Circuit, Jefferson County, Florida, Case No. 14-000150-CA (the "Florida Litigation") for the limited purpose of removing Dean Maynard Boland ("Debtor") from his position as Trustee of the Trusts (defined below) (the "Motion").

**MEMORANDUM IN SUPPORT**

In support of the Motion, Movant states:

15506910.1

## I. Factual Background:

1. On or about March 6, 2012, Movant executed the John W. Forrest Irrevocable Trust dated March 12, 2012 (the "Irrevocable Trust"), naming himself as the Settlor and also as a Qualified Beneficiary. The Irrevocable Trust was established for the benefit of Movant to, among other things, pay or apply for Movant's benefit $10,000 per month, from principal or income, plus discretionary monies for his health, maintenance and support.

2. On or about March 6, 2012, Movant executed the John W. Forrest Legal Fund Trust (the "Legal Fund Trust") and, collectively with the Irrevocable Trust, the "Trusts"), naming himself as the Settlor and also as a Qualified Beneficiary. The Legal Fund Trust was established to provide funds to pay Movant's attorneys, including Debtor. During November 2013, Movant terminated Debtor's engagement as Movant's counsel. Debtor retained his position as Trustee of the Trusts.

3. Both Trusts initially named Debtor and Amanda Patterson, Movant's former wife, as Co-Trustees. Ms. Patterson resigned as Co-Trustee of the Trusts during December 2012, leaving Debtor as the sole remaining Trustee of the Trusts.

4. On or about October 27, 2015, Movant filed his *Third Amended Complaint* (the "Complaint") in connection with the Florida Litigation. A copy of the Complaint is annexed hereto as Exhibit "A". In the Complaint, Movant requests that Debtor be removed as Trustee of the Trusts. Movant alleges that, in accordance with the terms of the Trusts, on or about August 27, 2015, Movant provided Debtor with notice of his removal from his position as Trustee of the Trusts. Movant also alleges that Debtor breached his fiduciary duties as Trustee of the Trusts by (i) failing to invest funds held in the Trusts (the "Trust Assets"), (ii) failing to timely provide accountings of Trust Assets, and (iii) failing to file the Trusts' tax returns. In the Complaint, Movant also seeks monetary damages from Debtor.

5. On January 22, 2016, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

**II.  Law and Argument:**

6. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409. Pursuant to this Motion, Movant seeks relief from the automatic stay to prosecute the Florida Litigation for the limited purpose of removing Debtor from his position as Trustee of the Trusts. Movant is <u>not</u> seeking relief from the automatic stay to proceed with its claim for monetary damages against Debtor.

7. Section 362(a) of the Bankruptcy Code provides for the imposition of the automatic stay upon the filing of a bankruptcy petition. Section 362(d) of the Bankruptcy Code governs the relief requested by Movant in this motion. Under § 362(d)(1), stay relief is to be granted "for cause." 11 U.S.C. § 362(d)(1). Cause exists here. Movant seeks relief from the automatic stay to prosecute the Florida Litigation for the limited purpose of removing Debtor from his position as Trustee of the Trusts. Movant is <u>not</u> seeking relief to proceed with its claim for monetary damages against Debtor. The limited relief sought by Movant will not affect or impact property of Debtor's estate.

8. Movant's counsel has spoken with Richard Baumgart, the Chapter 7 Trustee appointed in the Debtor's Chapter 7 case. Mr. Baumgart has no objection to the relief requested herein

9. This Motion conforms to the standard form adopted in this District except as follows:

<u>The standard form is drafted to address a collateralized loan transaction between the debtor and the movant. However, this matter does not involve any loan or property of the estate which is</u>

15506910.1

<u>collateral. Movant is seeking relief from the automatic stay to prosecute the Florida Litigation for the limited purpose of removing Debtor from his position as Trustee of the Trusts. Movant is not seeking relief from the automatic stay to proceed with his claim for monetary damages against Debtor or to proceed against property of the estate. Accordingly, those provisions specifically contemplating a loan transaction have been altered or deleted and the loan worksheet has not been completed.</u>

WHEREFORE, Movant prays for an Order from the Court (i) modifying or dissolving the automatic stay imposed by Section 362 of the Bankruptcy Code to the extent necessary to allow Movant to prosecute the Florida Litigation for the limited purpose of removing Debtor from his position as Trustee of the Trusts, and (ii) granting such other and further relief to which Movant may be entitled.

Respectfully submitted,

*/s/ Dov Y. Frankel*
Dov Y. Frankel (0077562)
*dfrankel@taftlaw.com*
TAFT, STETTINIUS & HOLLISTER LLP
Suite 3500
200 Public Square
Cleveland, Ohio 44114-2302
Telephone: (216) 241-2838
Facsimile: (216) 241-3707

Attorney for Movant, John W. Forrest

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion for Relief from the Automatic Stay was served this 7th day of March, 2016:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

- Stephen D. Hobt, on behalf of the Debtor, at shobt@aol.com
- Richard A. Baumgart, Chapter 7 Trustee, at baumgart_trustee@dsb-law.com
- Sheldon Stein, on behalf of Victoria Bloom and Peter Lora, at ssteindocs@gmail.com
- United States Trustee (Registered address)@usdoj.gov

and was served upon the following person by First Class U.S. mail, postage pre-paid

Dean Maynard Boland
1440 Lewis Drive
Lakewood, OH 44107

/s/ Dov Y. Frankel

15506910.1

16-10250-jps    Doc 22    FILED 03/07/16    ENTERED 03/07/16 14:48:58    Page 5 of 5