IN THE SECOND JUDICIAL CIRCUIT
JEFFERSON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

JOHN W. FORREST, as
Settlor and Qualified Beneficiary of the
John W. Forrest Irrevocable Trust
dated March 6, 2012 and as
Settlor and Qualified Beneficiary of the
John W. Forrest Legal
Fund Trust dated March 6, 2012,

     Plaintiff,

v.                              Case No.: 14-000150-CA

DEAN BOLAND, as Trustee
of the John W. Forrest Irrevocable
Trust dated March 6, 2012 and as
Trustee of the John W. Forrest
Legal Fund Trust dated March 6, 2012,
BH PATTERSON and MARGARET DELL
PATTERSON, as Qualified Beneficiaries of the
John W. Forrest Irrevocable Trust dated March 6, 2012
and the John W. Forrest Legal Fund Trust
dated March 6, 2012,

     Defendants.

_____/

### THIRD AMENDED COMPLAINT

Plaintiff, JOHN W. FORREST, as Settlor and Qualified Beneficiary of the JOHN W.

FORREST Irrevocable Trust dated March 6, 2012 and as Settlor and Qualified Beneficiary of the

JOHN W. FORREST Legal Fund Trust (hereinafter "Plaintiff"), by and through the undersigned

counsel, hereby sues Defendant, DEAN BOLAND (hereinafter "BOLAND"), as Trustee of the

John W. Forrest Irrevocable Trust dated March 2012 (hereinafter "Irrevocable Trust") and as

Trustee of the John W. Forrest Legal Fund Trust dated March 6, 2012 (hereinafter "Legal Fund

1



Trust" and, collectively "the Trusts"); AMANDA PATTERSON f/k/a AMANDA FORREST as former Co-Trustee of the Irrevocable Trust and Legal Fund Trust and BH PATTERSON and MARGARET DELL PATTERSON, qualified beneficiaries of the John W. Forrest Irrevocable Trust dated March 6, 2012 and the John W. Forrest Legal Fund Trust dated March 6, 2012 and in support thereof states as follows:

## VENUE AND JURISDICTION

1.      This is an action for damages in excess of $15,000.00, excluding attorney's fees and costs.

2.      On or about March 6, 2012, JOHN W. FORREST executed the Irrevocable Trust. A copy of the Irrevocable Trust is attached hereto as Exhibit "A".

3.      Also on or about March 6, 2012, JOHN W. FORREST executed the Legal Fund Trust. A copy of the Legal Fund Trust is attached hereto as Exhibit "B".

4.      Venue is proper in Jefferson County, Florida pursuant to Fla. Stat. §736.0204, which provides, in pertinent part: "Venue for action and proceedings concerning trusts..." is proper in "[a]ny county where the beneficiary suing or being sued resides...".    Id.

5.      Settlor/Qualified Beneficiary, JOHN W. FORREST, is an individual who resides in Jefferson County, Florida, and therefore venue is proper in Jefferson County, Florida.

6.      BOLAND, is an individual residing in Cuyahoga County, Ohio. BOLAND is the Trustee of the two trusts. Therefore, venue is proper in Jefferson County, Florida pursuant to Fla. Stat. § 736.0202 (2)(a), which states: "[a]ny trustee...whether or not a citizen or resident of this state, who personally....does any of the following acts related to a trust submits to the jurisdiction of this state involving that trust...(1) Accepts trusteeship of a trust having its principal place of administration in this state at the time of acceptance".

2

7.     BH PATTERSON and MARGARET DELL PATTERSON are individuals and qualified beneficiaries of the Irrevocable Trust and the Legal Fund Trust, residing in Marion County, Mississippi.

8.     AMANDA PATTERSON d/k/a AMANDA FORREST (hereinafter "PATTERSON"), is the former Co-Trustee of the Irrevocable Trust and Legal Fund Trust, and resides at a residence located in Marion County, Mississippi. PATTERSON resigned as Co-Trustee of both the Irrevocable Trust and Legal Fund Trust in December of 2012.

9.     At the time of acceptance by PATTERSON as Co-Trustee, the principal place of administration of both the Irrevocable Trust and Legal Fund Trust was in Florida. PATTERSON resigned as Co-Trustee of both the Irrevocable Trust and Legal Fund Trust in December of 2012.

10.     The principal place of administration of the Irrevocable Trust and the Legal Fund Trust is in Florida, pursuant to Article 16.2 of the trusts, which states: "[a]ll matters involving the administration of the Trust created under this instrument are to be governed by Florida law, which is currently my domicile and this initial principal place of administration (the "situs") of those trusts".

11.     BOLAND has not transferred the situs of either Trust pursuant to Article 16.4 of the Irrevocable Trust or Article 16.4 of the Legal Fund Trust, nor have they provided the required notice pursuant to Fla. Stat. § 736.0108(6).

12.     Therefore, venue is proper in Jefferson County, Florida.

## GENERAL ALLEGATIONS

13.     Plaintiff re-alleges and incorporates paragraphs 1 through 12 as if fully set forth herein.

3

14.     On or about March 6, 2012, JOHN W. FORREST, executed the Irrevocable Trust, naming himself as the Settlor and also as a Qualified Beneficiary. See Exhibit "A".

15.     The Irrevocable Trust was created for the benefit of JOHN W. FORREST, to pay or apply for settlor's benefit $10,000.00 per month from principal or income, plus discretionary monies for his health, maintenance and support. In addition, it was to provide funds for expenses or real property located in Okaloosa County, Florida and for the settlor's automobile.

16.     On or about March 6, 2012, JOHN W. FORREST, executed the Legal Fund Trust. naming himself as the Settlor and also as a Qualified Beneficiary. See Exhibit "B".

17.     The Legal Fund Trust was executed in order to provide funds to provide payment to BOLAND and other attorneys for legal fees incurred by JOHN W. FORREST.

18.     BOLAND was, at the time of the execution of the trusts, the attorney of JOHN W. FORREST.

19.     Both the Irrevocable Trust and the Legal Fund Trust name BOLAND and PATTERSON, Plaintiff's former wife, as Co-Trustees. PATTERSON resigned as Co-Trustee of both the Irrevocable Trust and Legal Fund Trust in December of 2012.

20.     In or around December of 2012, PATTERSON resigned as Co-Trustee of both the Legal Fund Trust and the Irrevocable Trust due to a dissolution of the marriage between PATTERSON and Plaintiff. Thus, from that time forward, BOLAND was the sole Trustee on the Trusts.

21.     At the time of dissolution of the marriage, PATTERSON also resigned as qualified beneficiary of the Trusts. Therefore, PATTERSON is not a necessary party to this action.

4

22.     BH PATTERSON and MARGARET DELL PATTERSON are qualified beneficiaries of the Irrevocable Trust and the Legal Fund Trust. BH PATTERSON and MARGARET PATTERSON are the parents of AMANDA PATTERSON.

23.     Pursuant to Article 7.4 of the Irrevocable Trust, JOHN W. FORREST reserved the right to remove any Trustee for reasonable cause by giving written notice to that Trustee.

24.     Pursuant to Article 7.4 of the Legal Fund Trust, JOHN W. FORREST reserved the right to remove any Trustee for reasonable cause by giving written notice to that Trustee.

25.     On or about August 27, 2015, Plaintiff gave Notice to DEAN BOLAND, of his removal as Trustee of the Irrevocable Trust. See Exhibit "C".

26.     On or about August 27, 2015, Plaintiff gave Notice to DEAN BOLAND, of his removal as Trustee of the Legal Fund Trust. See Exhibit "D".

27.     Pursuant to Article 7.6 of the Irrevocable Trust entitled "Accountings", the Irrevocable Trust provides that: "[u]nless waived, accounting must be given to Qualified Beneficiaries at least annually...as provided in Section 736.0813 and 736.08135 of the Florida Statutes".

28.     JOHN W. FORREST has not, at any time, waived his right to an accounting under the Irrevocable Trust. Therefore, JOHN W. FORREST is entitled to an accounting of the Irrevocable Trust.

29.     Pursuant to Article 7.6 of the Legal Fund Trust entitled "Accountings", which states which states "[u]nless waived, accounting must be given to Qualified Beneficiaries at least annually...as provided in Section 736.0813 and 736.08135 of the Florida Statutes." Therefore, JOHN W. FORREST, is entitled to an accounting of the Legal Fund Trust.

5

30.     JOHN W. FORREST has not, at any time, waived his right to an accounting under the Irrevocable Trust and Legal Trust funds.  Therefore, JOHN W. FORREST, is entitled to an accounting of the Irrevocable Trust and Legal Fund Trust that complies with Fla. § 736.08135.

31.     BOLAND set up bank accounts at Charter One Bank in Ohio to maintain monies held by the Legal Fund Trust and Irrevocable Trust.  See Exhibit "E".

32.     BOLAND set up a bank account at Regions bank in the name of the Irrevocable Trust.  See Exhibit "F".  BOLAND testified at his deposition on April 28, 2015, that he was unaware of any Trust account at Regions Bank, despite him executing the signature card for the Regions account.  See Exhibit "F" and See Exhibit "G", p. 107, 1-11.

33.     BOLAND did not provide compliant accountings on the Charter One Bank account.  Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accounting after that time.

34.     BOLAND did not provide any accounting for the Regions bank account.  Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accountings after that time.

35.     On or about October 27, 2013, JOHN W. FORREST, sent written correspondence to BOLAND, requesting an accounting of the Irrevocable Trust.  No accounting was timely received that satisfied the requirements of §§ 736.0813 and 736.08135 was received.  See letter, attached as Exhibit "H".  Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accounting after that time.

36.     As Trustee, BOLAND, from January of 2013 to present was required to invest Trust funds prudently.  BOLAND failed to invest Trust monies for both Trusts in violation of the

6

Prudent Investor Rule. See Exhibits "C" and "D". and BOLAND Depo., Tr. p. 91, ll. 1-5, attached hereto as Exhibit "I".

37.     As Trustee, BOLAND was required to file tax returns for the two Trusts. BOLAND failed to file tax returns on behalf the Legal Fund Trust and the Irrevocable Trust. See BOLAND Depo. Tr. p. 92, ll. 1-10, attached as Exhibit "J". Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to file tax returns after that time.

38.     From January of 2013 to present, during his time as Trustee, of the Legal Fund Trust and the Irrevocable Trust, BOLAND failed to invest Trust monies in violation of the Prudent Investor Rule. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to invest Trust funds after that time.

39.     Sometime in November 2013, JOHN W. FORREST terminated BOLAND as his counsel, thereby significantly changing his relationship with BOLAND, who was named as Co-Trustee of the two trusts and who is now the sole Trustee of the Irrevocable Trust and Legal Fund Trust.

40.     As BOLAND is no longer the attorney for JOHN W. FORREST, it is a conflict of interest and possible abuse of discretion for BOLAND to continue to have access to the funds of the Legal Fund Trust as a Trustee.

41.     On or about March 23, 2014, JOHN W. FORREST, again requested that BOLAND provide an accounting for the Irrevocable Trust and also requested an accounting for the Legal Fund Trust. See letter, attached as Exhibit "K". Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accounting after that time.

7

42.   In the same correspondence dated March 23, 2014, JOHN W. FORREST, requested that BOLAND resign in his capacity as Trustee of the Irrevocable Trust and Legal Fund Trust due to the substantial change in their relationship. See Exhibit "K".

43.   BOLAND's failure to provide the requested accountings constituted a serious breach of trust as provided in the Irrevocable Trust and Legal Fund Trust pursuant to Fla. Stat. §§ 736.0813 and 736.08135. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accountings after that time.

44.   BOLAND failed to maintain trust assets from January of 2013 to present for the Irrevocable Trust and Legal Fund Trust and charged excessive fees as Trustee. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to maintain Trust assets after that time.

45.   From January of 2013 to the present, BOLAND failed to administer the Trusts in accordance with their terms. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to administer the Trusts in accordance with their terms after that time.

46.   BOLAND failed to account for the money distributed by him from the Trusts. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accountings after that time.

47.   BOLAND has breached the fiduciary duty that he owes to JOHN W. FORREST in his performance as Trustee.

48.   On or about June 30, 2014, RAY JOHN FORREST, in his capacity as Durable Power of Attorney for JOHN W. FORREST, sent a letter via U.S. Mail, return receipt requested, to BOLAND and PATTERSON requesting a mediation be scheduled on or before July 11, 2014 regarding the requested accountings from the Irrevocable Trust and the Legal Fund Trust, as well

8

as the requested resignation of BOLAND as Trustee of the Trusts. See letter, attached as Exhibit "L".

49.     The June 30, 2014 correspondence was sent to comply with the condition precedent as set forth in Article 17.6 of the Irrevocable Trust and Article 17.6 of the Legal Fund Trust.

50.     BOLAND executed the U.S. Mail Certified Mail return receipt green card, evidencing receipt of the June 30, 2014. See card, attached hereto as Exhibit "L".

51.     BOLAND refused to mediate prior to the initiation of this action.

52.     Given the failures by BOLAND, from January of 2013 to present to prepare and file tax returns, to invest the Trusts' assets prudently, his breach of trust to properly administer the Trusts, his failures to properly account for the Trusts' assets, and given the substantial change in the relationship between JOHN W. FORREST and BOLAND, it is in the best interest of JOHN W. FORREST that BOLAND be removed as Trustee of the Irrevocable Trust and Legal Fund Trust.

53.     All conditions precedent to the institution of this lawsuit have been performed, satisfied, excused, or waived.

54.     Plaintiff has retained the undersigned attorneys to represent them in this action and are obligated to pay a reasonable fee for these services.

### COUNT I

### REMOVAL OF TRUSTEE PURSUANT TO FLA. STAT. § 736.0706 FOR BREACH OF FIDUCIARY DUTY FOR FAILURE TO INVEST TRUST FUNDS

55.     Plaintiff re–alleges and incorporates paragraphs 1 through 19, 23 through 26, 31

9

through 32, paragraph 36, 38 through 40, paragraph 42, 44 through 45 and 47 and 48 through 54 as if fully set forth herein.

56.     This a cause of action for damages against BOLAND, as Trustee, for failure to invest the Trusts' funds from January of 2013 to present.

57.     BOLAND owes a duty to Plaintiff as Trustee to invest the Trusts' funds, as provided in §736.0901, and under the terms of the Irrevocable Trust and the Legal Fund Trust.

58.     BOLAND failed to invest the funds in the Trusts, instead placing the funds in non-interest-bearing accounts, resulting in damages to Plaintiff from lost income.

59.     BOLAND committed a serious breach of trust by failing to invest Trust monies for both the Irrevocable Trust and Legal Fund Trust and as a result Trust assets were depleted and wasted.

60.     These breaches of trust by BOLAND constitutes reasonable cause for BOLAND's removal as Trustee for both Trusts.

61.     The removal of BOLAND as Trustee would be in the best interests of JOHN W. FORREST and is not inconsistent with a material purpose of the Irrevocable Trust and Legal Fund Trust.

62.     A suitable successor trustee is available to replace BOLAND.

63.     As a result of BOLAND's, failure to invest Trust funds from January of 2013 to present, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, JOHN W. FORREST, as Settlor and Qualified Beneficiary of the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and as Settlor and Qualified Beneficiary of the JOHN W. FORREST LEGAL FUND TRUST, respectfully requests an Order from this Court removing DEAN BOLAND as Trustee of the JOHN W. FORREST

10

IRREVOCABLE TRUST dated March 6, 2012 and as Trustee of the JOHN W. FORREST Legal Fund Trust dated March 6, 2012, and finding that BOLAND breached his fiduciary duties by failing to invest the funds in the Trusts, from January of 2013 to present, for the award of damages Fla. Stat. § 736.1001 (c), attorney's fees and costs pursuant Fla. Stat. § 736.1004 and paragraph 17.6 of the Irrevocable Trust and Legal Fund Trust and for such other relief the Court deems just and proper pursuant to Fla. Stat. § 736.1001(j).

## COUNT II

### REMOVAL OF TRUSTEE PURSUANT TO FLA. STAT. § 736.0706 FOR BREACH OF FIDUCIARY DUTY FOR FAILURE TO TIMELY PROVIDE COMPLIANT ACCOUNTINGS OF TRUST FUNDS

64.     Plaintiff re–alleges and incorporates paragraphs 1 through 19, 23 through 35, 39 through 40, paragraph 42, 39 through 54 as if fully set forth herein.

65.     This is an action for damages against BOLAND, as Trustee, for this failure to provide compliant accountings from January of 2013 to present.

66.     BOLAND owes a duty to Plaintiff as Trustee to provide Plaintiff with an accounting as provided in §§736.0813 and 736.08135, and under the terms of the Irrevocable Trust and the Legal Funds Trust. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accountings after that time.

67.     Pursuant to Article 7.6 of the Irrevocable Trust entitled "Accountings", the Irrevocable Trust provides that: "[u]nless waived, accounting must be given to Qualified Beneficiaries at least annually...as provided in Section 736.0813 and 736.08135 of the Florida Statutes".

11

68.     Pursuant to Article 7.6 of the Legal Fund Trust entitled "Accountings", which states which states "[u]nless waived, accounting must be given to Qualified Beneficiaries at least annually...as provided in Section 736.0813 and 736.08135 of the Florida Statutes." Therefore, JOHN W. FORREST, is entitled to an accounting of the Legal Fund Trust.

69.     BOLAND did finally provide an accounting for both the Irrevocable Trust and the Legal Fund Trust on or about January 25, 2015; however the accountings were incomplete and incorrect. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accountings after that time.

70.     The accountings had many deficiencies including but not limited to timeliness, failing to account for the funds in the Regions account, failure to properly account for legal fees, trustee fees and other expenses and correspondence concerning attorney's fees being paid to BOLAND. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accounting after that time.

71.     Plaintiff hereby objects to the accountings as submitted by BOLAND for both the Irrevocable Trust and the Legal Funds Trust. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accounting after that time.

72.     BOLAND committed a serious breach of trust by failing to timely provide accountings for both the Irrevocable Trust and Legal Fund Trust and as a result Trust assets were depleted and wasted. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accounting after that time.

73.     These breaches of trust by BOLAND constitutes reasonable cause for BOLAND's removal as Trustee for both Trusts.

12

74. The removal of BOLAND as Trustee would be in the best interests of JOHN W. FORREST and is not inconsistent with a material purpose of the Irrevocable Trust and Legal Fund Trust.

75 A suitable successor trustee is available to replace BOLAND.

76. JOHN W. FORREST requests that the Court order that BOLAND provide accountings of the Irrevocable Trust and Legal Fund Trust pursuant to Fla. Stat. § 736.1001(d).

77. JOHN W. FORREST requests that the accountings provided by BOLAND conform to the standards as set forth in Fla. Stat. § 736.08135. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to provide accounting after that time.

78. As a result of BOLAND's failure to provide the required accountings, Plaintiff suffered damages.

WHEREFORE, Plaintiff, JOHN W. FORREST, as Settlor and Qualified Beneficiary of the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and as Settlor and Qualified Beneficiary of the JOHN W. FORREST LEGAL FUND TRUST, respectfully requests an Order from this Court removing DEAN BOLAND as Trustee of the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and as Trustee of the JOHN W. FORREST LEGAL FUND TRUST dated March 6, 2012, and that the Court Order an accounting for both the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and JOHN W. FORREST LEGAL FUND TRUST dated March 6, 2012 pursuant to Fla. Stat. § 736.1001(d) that conforms to the standards that are set forth in Fla. Stat. § 736.08135, of the accounts at Charter One Bank and the account at Regions Bank, for the award of damages in accordance with Fla. Stat. § 736.1001 (c), attorney's fees and costs pursuant to Fla. Stat. § 736.1004 and

13

paragraph 17.6 of the Irrevocable Trust and Legal Fund Trust and for such other relief the Court deems just and proper pursuant to Fla. Stat. § 736.1001(j).

## COUNT III

### REMOVAL OF TRUSTEE PURSUANT TO FLA. STAT. § 736.0706 FOR BREACH OF FIDUCIARY DUTY FOR FAILURE TO FILE TAX RETURNS ON THE TRUSTS

79.    Plaintiff re–alleges and incorporates paragraphs 1 through 19, 23 through 26, 37, 36, 39 through 40, 42, 43 through 44 through 54 as if fully set forth herein.

80.    This is an action for damages against BOLAND, as Trustee, for the period of January of 2013 to present for failure to file tax returns.

81.    BOLAND failed to file tax returns for both the Irrevocable Trust and the Legal Fund Trust. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to file tax returns after that time.

82.    Pursuant to § 736.1007 (4)(i), BOLAND, was to hire counsel to identify tax returns required to be filed by the trustee, the trustee's liability for payment of taxes, and the due date of returns. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to file tax returns after that time.

83.    Pursuant to § 736.0816 (17), BOLAND was to exercise elections with respect to Federal, state and local taxes. Because PATTERSON resigned as Co-Trustee in December of 2012, she was not required to file tax returns after that time

84.    These breaches of the Trust by BOLAND constitute reasonable cause for BOLAND's removal as Trustee of both Trusts.

14

85. The removal of BOLAND as Trustee would be in the best interests of JOHN W. FORREST and is not inconsistent with a material purpose of the Irrevocable Trust and Legal Fund Trust.

86. A suitable successor trustee is available to replace BOLAND.

87. As a result of BOLAND's actions, the Plaintiff has suffered damages.

WHEREFORE, Plaintiff, JOHN W. FORREST, as Settlor and Qualified Beneficiary of the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and as Settlor and Qualified Beneficiary of the JOHN W. FORREST LEGAL FUND TRUST, respectfully requests an Order from this Court removing DEAN BOLAND as Trustee of the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and as Trustee of the JOHN W. FORREST LEGAL FUND TRUST dated March 6, 2012, for failure to file tax returns, for the award of attorney's fees and costs pursuant to Fla. Stat. § 736.1004 and paragraph 17.6 of the Irrevocable Trust and Legal Fund Trust and for such other relief the Court deems just and proper pursuant to Fla. Stat. § 736.1001(j) and for damages in accordance with Fla. Stat. § 736.1001 (c).

## COUNT IV

## DAMAGES FOR FAILURE TO INVEST TRUST MONIES

87. Plaintiff re-alleges and incorporates paragraphs 1 through 19, 23 through 26, 31 through 32, paragraph 36, 38 through 40, paragraph 42, 44 through 45 and 47 and 48 through 54 as if fully set forth herein.

88. This is a cause of action for damages against BOLAND, as Trustee, for failure to invest Trust funds from January of 2013 to present.

89. BOLAND failed to invest the funds.

15

90.     BOLAND as Trustee of both the Irrevocable Trust and Legal Fund Trust had a duty to invest Trust monies pursuant to § 736.0901.

91.     BOLAND breached his duty as Trustee and agent for Plaintiff for failing to invest Trust monies.

92.     As a result of BOLAND'S breach of his duty, Plaintiff was damaged.

WHEREFORE, Plaintiff, JOHN W. FORREST, as Settlor and Qualified Beneficiary of the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and as Settlor and Qualified Beneficiary of the JOHN W. FORREST LEGAL FUND TRUST, respectfully requests an Order from this Court awarding damages against DEAN BOLAND as Trustee of the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and as Trustee of the JOHN W. FORREST LEGAL FUND TRUST dated March 6, 2012, for failure to invest Trust monies from January of 2013 to present, for the award of attorney's fees and costs pursuant to Fla. Stat. § 736.1004 and paragraph 17.6 of the Irrevocable Trust and Legal Fund Trust and for such other relief the Court deems just and proper pursuant to Fla. Stat. § 736.1001(j) and for damages in accordance with Fla. Stat. § 736.1001 (c).

## COUNT V

## REMOVAL OF B.H. PATTERSON AND MARGARET DELL PATTERSON AS QUALIFIED BENEFICIARIES OF THE TRUSTS

93.     Plaintiff re–alleges and incorporates paragraphs 1 through 19, paragraph 22 and paragraphs 53 through 54 as if fully set forth herein.

94.     Given the dissolution of marriage between JOHN W. FORREST and AMANDA PATTERSON, it is in the best interest of JOHN W. FORREST that the parents of his former wife be removed as qualified beneficiaries to the Irrevocable Trust and the Legal Fund

16

Trust.

95.     The change in circumstance caused by the divorce of JOHN W. FORREST from PATTERSON creates a conflict of interest and possibility for abuse of discretion for AMANDA PATTERSON's parents to remain as qualified beneficiaries to the Irrevocable Trust and Legal Fund Trust.

96.     The removal of BH PATTERSON and MARGARET DELL PATTERSON is not inconsistent with the purpose of settlor, and failure to remove BH PATTERSON and MARGARET DELL PATTERSON would defeat or substantially impair the accomplishment of a material purpose of the trust.

WHEREFORE, Plaintiff, JOHN W. FORREST, as Settlor and Qualified Beneficiary of the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and as Settlor and Qualified Beneficiary of the JOHN W. FORREST LEGAL FUND TRUST, respectfully requests an Order from this Court removing BH PATTERSON and MARGARET DELL PATTERSON as Qualified Beneficiaries of the Irrevocable Trust and Legal Fund Trust, and for such other relief that this Court deems just and proper.

## COUNT VI

### REMOVAL OF TRUSTEE FOR REASONABLE CAUSE BY GIVING WRITTEN NOTICE

97.     Plaintiff re-alleges paragraphs 1 through 19 and paragraphs 23 through 26, paragraphs 39 through 40, paragraph 42, paragraphs 44 through 45 and paragraphs 47 through 54 as if fully set forth herein.

17

98. This is an action for damages against BOLAND, as Trustee, for failing to resign and being given reasonable cause and written notice in accordance with the terms of the Irrevocable Trust and Legal Fund Trust.

98. Pursuant to paragraph 7.4 of the Irrevocable Trust and Legal Fund Trust, Plaintiff reserved the right to remove any Trustee for reasonable cause by giving said Trustee written notice.

99. On or about August 25, 2012, Plaintiff provided correspondence to his estate planning counsel, that he wished her assistance in removing BOLAND as Co-Trustee of both the Irrevocable Trust and Legal Fund Trust. See Exhibit "M".

100. On March 23, 2014, prior to the institution of this action, Plaintiff provided written notice and reasonable cause to BOLAND to resign as Trustee. See Exhibit "K".

101. On or about June 30, 2014, Plaintiff, by and through, his Durable Power of Attorney, sent written notice regarding mediation and the resignation of BOLAND. See Exhibit "L".

102 On August 21, 2014, Plaintiff again provided written notice to BOLAND, via service of the initial complaint in this action, providing reasonable cause for removal. See Exhibit "N".

103. On or about August 27, 2015, Plaintiff again gave written Notice to BOLAND, of his removal as Co-Trustee of the Irrevocable Trust and provided reasonable cause for his removal. See Exhibit "C".

104. On or about August 27, 2015, Plaintiff again gave written Notice to BOLAND, of his removal as Co-Trustee of the Legal Fund Trust and provided reasonable cause for his removal. See Exhibit "D".

18

105.   BOLAND has failed to resign as Co-Trustee/Trustee of the Irrevocable Trust and Legal Fund Trust despite multiple written notices given to BOLAND and being given reasonable cause pursuant to paragraph 7.4 of the Irrevocable Trust and Legal Fund Trust.

106.   As a result of BOLAND failing to resign and remove himself despite numerous requests, and due to over-charging as Trustee, BOLAND has received excessive Trustee fees.

WHEREFORE, Plaintiff, JOHN W. FORREST, as Settlor and Qualified Beneficiary of the JOHN W. FORREST Irrevocable Trust dated March 6, 2012 and as Settlor and Qualified Beneficiary of the JOHN W. FORREST Legal Fund Trust, respectfully requests an Order from this Court against DEAN BOLAND as Trustee of the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and as Trustee of the JOHN W. FORREST LEGAL FUND TRUST dated March 6, 2012, for failure to resign as Trustee, despite given reasonable cause and multiple written notices pursuant to paragraph 7.4 of the Irrevocable Trust and Legal Fund Trust, for the award of attorney's fees and costs Fla. Stat. § 736.1004 and pursuant to paragraph 17.6 of the Irrevocable Trust and Legal Fund Trust and for such other relief the Court deems just and proper pursuant to Fla. Stat. § 736.1001(j) and for damages in accordance with Fla. Stat. § 736.1001 (c).

## COUNT VII

### TERMINATION OF IRREVOCABLE TRUST AND LEGAL FUND TRUST AS BEING UNECONOMICAL OR IN THE ALTERNATIVE REMOVAL OF DEAN BOLAND AS TRUSTEE FOR IRREVOCABLE TRUST AND LEGAL FUND TRUST BEING UNECONOMICAL

107.   Plaintiff re-alleges and incorporates paragraphs 1 through 19, 23 through 26, 31 through 32, paragraph 36, 38 through 40, paragraph 42, 44 through 45 and 47 and 48 through 54 as if fully set forth herein.

19

108. This is an action for damages against BOLAND, as Trustee, from January of 2013 to present for the Irrevocable Trust and Legal Fund Trust being uneconomical.

109. Pursuant to Fla. Stat. § 736.0414 (2), which states as follows "[u]pon application of any....qualified beneficiary, the court may...terminate a trust or remove the trustee and appoint a different trustee if the court determines that the value of the trust property is insufficient to justify the cost of administration."

110. BOLAND provided accountings of the Irrevocable Trust and Legal Fund Trust, however, these accountings do not comply with the requirements as set forth in Fla. Stat. § 736.08135, and Plaintiff again objects to same.

111. Pursuant to the 2014 accounting set forth a value of both Trusts to be less than fifty thousand ($50,000.00) dollars. A copy of the relevant portions of the accounting are attached hereto as Exhibit "O".

112. The value of the Trusts reflect the failure of BOLAND to invest Trust funds from January 2013 to present.

113. The Trusts should be terminated for being uneconomical.

114. In the alternative, BOLAND should be removed and a successor Trustee appointed.

115. A suitable successor trustee is available to replace BOLAND

WHEREFORE, Plaintiff, JOHN W. FORREST, as Settlor and Qualified Beneficiary of the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and as Settlor and Qualified Beneficiary of the JOHN W. FORREST LEGAL FUND TRUST dated March 12, 2012, terminating the JOHN W. FORREST IRREVOCABLE TRUST dated March 6, 2012 and as Trustee of the JOHN W. FORREST LEGAL FUND TRUST dated March 6, 2012, for being

20

uneconomical pursuant to Fla. Stat. § 736.0414 (2) or in the alternative the Court should remove BOLAND as Trustee of the Trusts pursuant to Fla. Stat. § 736.0414 (2) , and for such other relief that that this Court deems just and proper pursuant to Fla. Stat. 736.1001 (j) and for the award of attorney's fees and costs pursuant to Fla. Stat. § 736.1004 and award of damages pursuant to Fla. Stat. § 736.1001 (c).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was furnished via electronic mail to Dean Boland, Defendant, 1475 Warren Road, Unit 770724, Lakewood, Ohio, 44107, at deanboland@gmail.com 27th day of October 2015.

O'CONNOR LAW FIRM

/s/ Patrick M.  O'Connor, Esquire

Patrick M. O'Connor, Esquire
FBN: 622427
E-mail: pat@yourpersonalattorney.com
O'CONNOR LAW FIRM
2240 Belleair Road, Suite 115
Clearwater, Florida  33764
(727) 539-6800
(727) 536-5936 Fax