IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 Case No. 16-10250 |
| | ) | |
| Dean Maynard Boland | ) | Bankruptcy Judge Jessica Price Smith |
| | ) | |
| Debtor | ) | |

## MEMORANDUM IN OPPOSITION TO THE MOTION
## TO AVOID JUDGMENT LIEN FILED BY THE DEBTOR

Now come creditors Jane Doe and Jane Roe ("Movants"), by and through counsel, and say in opposition to the debtor's motion to avoid judgment liens:

## Introduction

This case involves the most heinous actions ever taken by a debtor seeking relief under the Bankruptcy Code – the attempt to discharge civil damages awarded by a court arising out of the debtor's creation and dissemination of child pornography.

Here, the United States District Court for the Northern District of Ohio entered judgment to each Movant for $150,000.00 because they were the victims of child pornography created and distributed by the debtor.[1] Thereafter, judgment liens were properly recorded.

## Discussion

Now before the Court is the debtor's motion to avoid these judgment liens. The Movants oppose the motion because it is not ripe for adjudication.

Article III of the Constitution limits the jurisdiction of federal courts,

---

[1] *Jane Doe, et al. vs. Dean Boland*, case number 07-02787.

including the bankruptcy court, to actual cases and controversies. This limit must be satisfied throughout the life of the bankruptcy case whenever a party seeks to invoke the court's jurisdiction. See, for example, *Smith vs. United States of America (In Re Smith)*, 2014 WL 7745851 (Bank. N.D. Ohio 2014)(Morgenstern-Clarren, J.), and the cases cited therein.

"The basic inquiry is whether the "conflicting contentions of the parties … present a real, substantial controversy between parties having adverse legal interests a dispute definite and concrete, not hypothetical or abstract…' " *Babbitt vs. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979)(quoting *Railway Mail Assn. vs. Corsi*, 326 U.S. 88, 93 (1945). The case or controversy requirement requires consideration of three requirements, standing, ripeness, and mootness. *Smith, supra.* at 3.

A controversy before the court must be ripe for adjudication. The rationale of this doctrine is to prevent the court, through premature adjudication, from becoming involved in abstract disagreements. *Kiser vs. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014). A claim is not ripe for adjudication if it depends on "… contingent future events that may occur as expected, or indeed may not occur at all …." *Id. Smith, supra*, at 3.

Here, the debtor's motion is not ripe for adjudication. The bar date for the filing of a complaint contesting the dischargeability of a debt is April 29, 2016. The Movants will file a complaint to determine the dischargeability of the debtor's debt to them before the bar date.

Until April 29, 2016, or the determination of the dischargeability adversary

2

case, whichever event last occurs, this motion is not ripe for adjudication. The removal of the judgment liens are contingent on the debt being dischargeable in bankruptcy, either by order of the court after determination of a dischargeability proceeding, or if no complaint is filed, by the bar date.

Until bar date, April 29, 2016, passes, or a determination of the Movant's adversary complaint to except the debt from discharge is ruled upon, whichever event last occurs, the debtor's motion is not ripe for adjudication.

Therefore, the motion should be denied.

/s/ Sheldon Stein
Sheldon Stein (0007292)
Attorney for the Movants
S. Stein Company LLC
50 Public Square, Ste. 400
P.O. Box 5606
Cleveland, OH 44101
(216) 696-7449
(216) 696-5329 (Fax)
ssteindocs@gmail.com


/s/ Jonathan E. Rosenbaum
Jonathan E. Rosenbaum (0021698)
Attorney for the Movants
230 Third Street, Ste. 101
Elyria, OH 44035
(440) 322-7972
jerosenbaum@windstream.net

Certificate of Service

I certify that on March 8, 2016, a true and exact copy of this document was served:

Via the Courts Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

| | |
|---|---|
| Richard Baumgart | baumgart_trustee@dsb-law.com |
| Stephen Hobt | shobt@aol.com |
| Dov Frankel | dfrankel@taftlaw.com |

                                                /s/ Sheldon Stein
                                                Sheldon Stein

4

16-10250-jps    Doc 26    FILED 03/08/16    ENTERED 03/08/16 15:12:48    Page 4 of 4