IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 Case No. 16-10250 |
| | ) | |
| Dean Maynard Boland | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | Adversary Case No. |
| | ) | |
| Jane Doe | ) | |
| | ) | |
| and | ) | |
| | ) | Bankruptcy Judge Jessica Price Smith |
| Jane Roe | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Dean Maynard Boland | ) | |
| 1440 Lewis Drive | ) | |
| Lakewood, OH 44107 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| <u>Also Serve</u>: | ) | |
| Stephen D. Hobt | ) | |
| Attorney for the Defendant | ) | |
| 1370 Ontario Street, Ste. 450 | ) | |
| Cleveland, OH 44113 | ) | |
| _____ | ) | |

## COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF A DEBT

Jane Doe and Jane Rowe ("Plaintiffs") bring this action for a determination that the debt Defendant Dean Maynard Boland ("Boland" or "Debtor") owes them is nondischargeable under section 522 of the Bankruptcy Code[1]. For their complaint, the Plaintiffs say as follows:

### Jurisdiction, Venue and Statutory Basis

1. The Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. §§157(a) and 1334, and General Order 2012-7 entered on April 4, 2012, by the United States District Court for the Northern District of Ohio because this action arises in the bankruptcy case of Dean Maynard Boland now pending before the Court as Case No. 16-10250 (the "Underlying Bankruptcy Case").

2. This action, based on section 523(a), is a core proceeding as that term is defined by 28 U.S.C. §157(b)(2)(I).

3. This action, brought under section 523(a) of Rule 7001(6), is filed within the time specified by Rule 4007(c).

4. Determination of this matter is within the Court's constitutional authority as analyzed by the United States Supreme Court in *Stern vs. Marshall*, 131 S.Ct. 2594 (2011) and later decisions by that court.

5. Venue is proper in this district under 28 U.S.C. §§1408 and 1409.

---

[1] Unless otherwise indicated, all section references are to Title 11 of the United States Code, 11 U.S.C. §§101 – 1532 (the "Bankruptcy Code"), all rule references are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all references to "Local Bankruptcy Rules" or "LBR" are to the Local Rules for the United States Bankruptcy Court, Northern District of Ohio, and all references to "Chapter XX" are to chapter xx of the Bankruptcy Code.

2

## The Parties[2]

6. At all times relevant to this Complaint, Plaintiff Jane Doe, not identified by her real name, was a minor. Her legal guardian and next friend is Peter Lora. Both live in Cuyahoga County, Ohio.

7. At all times relevant to this Complaint, Plaintiff Jane Roe, not identified by her real name, was a minor. Her legal guardian and next friend is Victoria Bloom. Both live in Cuyahoga County, Ohio.

8. At all times relevant to this Complaint, Defendant Dean Maynard Boland was an attorney licensed to practice law in the State of Ohio. His residence and principal place of business was and is in Cuyahoga County, Ohio.

9. Boland is married and has one dependent daughter, now age 14 years. He often serves as an expert witness specializing in technology-related legal issues, including child pornography cases.

## Preliminary Statements

10. Child pornography is a vile, heinous crime. This case involves child pornography and two innocent little girls.

11. In the context of children there can be no question of consent, and the use of the word pornography may effectively allow a child pornographer to distance from the material's true nature. A preferred term is **sex image abuse,** which

---

[2]The Defendant's conduct discussed in this complaint has been the subject of three separate opinions of the United States Court of Appeals for the Sixth Circuit, *Jane Doe, et al. vs. Dean Boland*, 630 F.3d 491 (6th Cir. 2011)("*Boland I*"), *Jane Doe, et al. vs. Dean Boland*, 698 F.3d 877 (6th Cir. 2012)("*Boland II*"), and *Dean Boland vs. Eric H. Holder, Jr.*, 682 F.3d 531 (6th Cir. 2012). The factual allegations contained in this complaint are taken from those opinions and from the Petition and Schedules filed by the Debtor.

accurately describes the process and product of creating, possessing and sharing indecent and sexualized pictures of children.[3]

12. The child pornographer, quite simply, victimizes the child depicted in pornographic materials. *United States vs. Hibbler*, 159 F.3d 233 (6th Cir. 1998). Many studies document the severe harm caused by the creation, possession and distribution of child sex abuse images.[4]

13. Even if the abused never see the images, the specter of child sex abuse images and child pornography causes continuing harm by haunting the victim for years to come – even if, for example, the images are displayed only in a courtroom. *Doe vs. Boland*, 698 F.3d 877, 884 (6th Cir. 2012).

14. The child sex abuser is responsible for the harm visited on the abused regardless if the child sex image abuser gets any benefit from child sex abuse images provided the abuser's actions play a part in the creation, possession and distribution of the child sex abuse pornography. *United States vs. Davis,* 204 F.3d 1064 (11th Cir. 1999).

15. But, once a child sex abuse image or child pornography case enters the legal system, child pornography undergoes sterilization. The sterilization goes far beyond removing emotion from criminal sentencing decision. Images are described in the most clinical sense. Victims all too often remain nameless. The only emotions

---

[3] Sharon W. Cooper, et. al., *Medical, Legal & Social Science Aspect of Child Sexual Exploitation: A Comprehensive Review of Pornography, Prostitution, and Internet Crimes*, at 258 (2005).

[4] Marsh, *Predators, Porn & the Law: America's Children in the Internet Era*, 61 Syracuse Law Review 459, 460 (2011).

4

on display are those of defendants, sorry that their actions were discovered by law enforcement. *United States vs. Cunningham*, 680 F. Supp.2d 844, 847 (N.D. Ohio 2010).

## Facts

16. This case is about Boland's violation of federal civil and criminal child pornography statutes which harmed the Plaintiffs – conduct confirmed by the United States District Court for the Northern District of Ohio and the United States Court of Appeals for the Sixth Circuit in three appellate decisions. And, as talked about below, Boland admits his misdeeds.[5]

17. In February, 2004, the Defendant downloaded images of two identifiable minor children, given the unidentifiable names Jane Doe and Jane Rowe, the Plaintiffs here, from a stock photography website.

18. Boland digitally manipulated ("morphed") the photographs to make it look like the children were engaging in sex acts.

19. In one picture, five-year old Jane Doe was eating a doughnut. Boland replaced the doughnut with a penis.

20. In another, he place six-year old Jane Roe's face onto the body of a nude women performing sexual acts with two men.

21. As discussed below, it is important to note that Boland used the faces of

---

[5] The Defendant's conduct discussed in this complaint has been the subject of three separate opinions of the United States Court of Appeals for the Sixth Circuit, *Jane Doe, et al. vs. Dean Boland*, 630 F.3d 491 (6th Cir. 2011)("Boland I"), *Jane Doe, et al. vs. Dean Boland*, 698 F.3d 877 (6th Cir. 2012)("Boland II"), and *Dean Boland vs. Eric H. Holder, Jr.*, 682 F.3d 531 (6th Cir. 2012).

5

two, real, innocent children, and not his own minor daughter's face. Obviously he knew that child sex abuse images cause harm; otherwise he would have used his own daughter's face in the morphed sex pictures.

22. Boland used the "before" and "after" pictures as part of his expert testimony in at least four Ohio state-court criminal child pornography criminal cases and in a federal criminal child pornography case in Oklahoma.[6] The pictures were shared with defense counsel, court staff, and he displayed the images in a courtroom.[7]

23. Toward the end of the Oklahoma case, the federal prosecutor raised the possibility that Boland may have violated federal criminal statutes by creating and possessing the morphed images. The district judge admonished Boland to purge the images from his hard drive, but Boland did not, instead using the doctored images of Doe and Roe in the Ohio based cases while acting as an expert witness or counsel.[8]

24. In May, 2004, the FBI's Cleveland office started a criminal investigation of Boland. They searched his home and seized several electronic files.

25. During this time period Boland brought an action in the United States District Court for the Northern District of Ohio seeking a declaratory judgment against federal prosecutors from prosecuting him for the creation and use of child sex abuse images in the courtroom. The District Court dismissed this action, and

---

[6]*United States vs. Shreck*, No. 03-CR-0043-CVE, slip op. at 2 (N.D. Okl., May 23, 2006), citied in *Boland I* at 630 F.3d at 493.
[7]*Boland II* at 883.
[8]*Boland I* at 493.

the Sixth Circuit Court of Appeals affirmed the dismissal.[9]

26. In April, 2007, Boland entered into a pre-trial diversion agreement with the United States Attorney's Office for the Northern District of Ohio, in which he admitted violating federal criminal child pornography laws.

27. In return for the government's agreement to defer prosecution for 18 months, Boland agreed to various conditions. One of them required Boland to make a public apology in the Cleveland Bar Journal, where he said "I do recognize that such [morphed] images violate federal law".[10]

28. In September, 2007, the Doe and Roe and their guardians filed a civil action ("Civil Case") against Boland under 18 U.S.C. §§2252(A)(f) and 2255, which respectively provide civil remedies to "any person aggrieved" and to minor victims who suffered "personal injury" from a violation of the federal criminal child pornography statute, 18 U.S.C. §2252(A(a), Various state claims were also asserted.[11]

29. Boland admitted his conduct in the discovery conducted in the Civil Case. For example, in his response to Request for Admission No. 2, Boland admitted that he "created a visual depiction using a likeness … of Plaintiff Jane Doe that [he] downloaded from Istockphoto.com on February 13, 2004, at 3:13 p.m. showing her to be engaged in fellatio …."

30. Boland also admitted in his response to Request for Admission No. 3 that

---

[9] *Boland vs. Holder*, 682 F.3d 531 (6th Cir. 2012).
[10] *Boland I* at 494.
[11] *Doe, et al. vs. Boland,* 1:07-cv-02787 (N.D. Ohio 2007). ("Civil Case")

he "created a visual depiction using a likeness … of Plaintiff Jane Roe that [he] downloaded from Istockphoto.com on February 13, 2004, at 3:12 p.m. showing her engaged in fellatio …."

31. Similarly, in his Response to Request for Admission 4 Boland admitted that he "created a visual depiction using a likeness of Plaintiff Jane Roe that he downloaded from Istockphoto.com on February 13, 2004, at 3:12 p.m. showing her to be naked and between two males who were ejaculating on her torso …."

32. The District Court granted Boland's motion for summary judgment on the federal claims, but did not resolve the state law claims.[12]

33. Jane Doe and Jane Roe appealed, and the Sixth Circuit reversed the trial court, holding the law contains no exemptions that covered Boland's conduct.[13] The Sixth Circuit specifically found that Boland "knowingly" committed a crime.[14]

34. On remand, the District Court ruled for Doe, Roe and the guardians, awarding $150,000.00 to Doe and $150,000.00 to Row under 18 U.S.C. §2252(A)(f). This statute provides a civil remedy of at least $150,000.00 in damages to minor victims of various sex crimes, including child sex image abuse.

35. Boland appealed this decision to the Sixth Circuit, which, in turn, affirmed the damage award.[15]

---

[12] *Boland I* at 494. The District Court decision is found at 2009 WL 2901306.
[13] *Doe vs. Boland*, 630 F.3d 491 (6th Cir. 2011)(*Boland* I).
[14] "Boland did something else. He morphed images of *minors* into pornography, images that 'implicate the interests of real children …. The law expressly covers such images, 18 U.S.C. § 2526(8)(C), and the realty that Boland himself did not 'use' real children to produce the images makes no difference …. " *Doe vs. Boland*, 630 F3d 491, 497 (6th Cir. 2011)(*Boland I*).
[15] *Doe vs. Boland,* 698 F.3d 877 (6th Cir. 2012)(*Boland II*).

## Cause of Action
## Nondischargeability of Debt – 11 U.S.C. § 523(a)(6)

36. The Plaintiffs incorporate by reference herein and realleges all the averments contained in paragraphs 1 through 33 of this Complaint.

37. Section 523(a)(6), 11 U.S.C. §523 (a)(6) provides, in pertinent part, that a discharge under sections 727 or 1141 does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity...."

38. A willful injury occurs when the actor desires to cause the consequence of the act, or believes injury is substantially certain to occur as a result of his behavior. *Sanderson Farms, Inc. vs. Gasbarro*, 299 Fed.Appx. 499, at p. 4 (6th Cir. 2008), citing *Markowitz vs. Campbell (In Re Markowitz)*, 190 F.3d 455, 465, n.10 (6th Cir. 1999). See, also, *Monsanto Co. vs. Trantham (In Re Trantham)*, 304 B.R. 298, 307 (6th Cir. BAP 2004); *Kane vs. Stewart, Tilghman Fox & Bianchi PA (In Re Kane)*, 755 F.3d 1285, 1193 (11th Cir. 2014); *Hough vs. Margulies (In Re Margulies)*, 541 B.R. 156 (S.D.N.Y. 2015).

39. A court may consider circumstantial evidence in determining what the debtor may have known when taking the action that produced the injury. *Yeager vs. Wilmers*, __ B.R. __, 2015 WL 5579440 at p. 3 (N.D. Ohio, 2015).

40. The term "malicious" does not require ill-will or specific intent. It means

9

the action is taken in disregard of one's duties or without just cause or excuse. *Monsanto Co. vs. Trantham (In Re Trantham), supra*, at 308.

41. Here Boland's conduct falls squarely within the §523(A)(6) definition of "willful" and "malicious". The "evil" of child pornography overwhelmingly outweigh any competing creating, possession and disclosure interests.[16] In enacting the civil damage statute, 18 U.S.C. §2252(A)(f), which provides for statutory damages of a minimum of $150,000.00 to victims of child sex abuse images, Congress concluded that all affected children are, as a matter of law, seriously injured by sex image abuse and deserve a high threshold of damages. *Boland vs. Doe*, 630 F.3d 491, 498 (6th Cir. 2011) (*Boland I*).

42. So, as a matter of law and common sense, Boland is deemed to know the creation of morphed sex abuse images using the Plaintiff's pictures would harm the children. Boland admitted that, instead of using photos of his minor daughter, he morphing innocent images of real and identifiable children into child sex abuse photographs. It is impossible to create child pornography without knowing that the sex image abuse photographs harm the children involved.

43. Even assuming Boland intended no harm, the fact of which is denied, his actions also were "malicious" within the meaning of the statute. Boland clearly acted without just cause or excuse. Federal law discussed above and in the *Boland* appellate opinions make this fact all too clear. Bolton admits acting in violation of federal sex criminal crimes and pornography statutes, and, as the Sixth Circuit

---

[16]*Boland II* at 33.

10

16-10250-jps    Doc 32    FILED 04/14/16    ENTERED 04/14/16 13:27:45    Page 10 of 11

points out, he could have used other, **lawful** methods to illustrate his testimony in the child pornography cases. *Bolton vs. Doe*, 630 F.3d. 491, 496-497 (6th Cir. 2011)(*Bolton I*).

44. Based on the foregoing, Boland's debt to Plaintiffs Doe and Roe are nondischargeable under 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiffs Jane Doe and Jane Roe respectfully urge this Court to enter judgment on their Complaint pursuant to 11 U.S.C. §523(a)(6) excepting from discharge the entire debts owed by Boland to Plaintiff's Doe and Roe, as aforesaid, that they recover their costs herein, including reasonable counsel fees, and for such other relief as the Court deems just in the premise.

/s/ Sheldon Stein
Sheldon Stein (0007292)
S. Stein Company LLC
50 Public Square, Ste. 400
P.O. Box 5606
Cleveland, OH 44101
(216) 696-7449
(216) 696-5329 (fax)
ssteindocs@gmail.com

/s/ Jonathan E. Rosenbaum
Jonathan E. Rosenbaum (0021698)
230 Third Street, Ste. 101
Elyria, OH 44035
(440) 322-7972
jerosenbaum@windstream.net.

Attorneys for Plaintiffs
Jane Doe and Jane Roe