UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-10250 |
| | ) | |
| Dean Maynard Boland | ) | Chapter 7 |
| | ) | |
| | ) | Judge Jessica E. Price Smith |
| Debtor(s). | ) | |
| | ) | MOTION OF U.S. BANK NATIONAL |
| | ) | ASSOCIATION FOR RELIEF FROM |
| | ) | STAY AND ABANDONMENT |
| | ) | |
| | ) | ADDRESS OF REAL PROPERTY: |
| | ) | 2070 Brown Road, Lakewood, OH 44107 |
| | ) | |
| | ) | |

U.S. Bank National Association (the "Movant") moves this Court, under Bankruptcy Code § 361, § 362, § 363, and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362., AND FOR ABANDONMENT OF PROPERTY UNDER BANKRUPTCY CODE § 554.

MEMORANDUM IN SUPPORT

1.      The Court has jurisdiction over this matter under 28 U.S.C. § 157 and § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. § 1408 and § 1409.

2.      On November 21, 1997, the DEBTOR(S), Dean M. Boland, **and non-debtor, co-borrower, Lisa A. Boland,** obtained a loan from Assured Mortgage Corporation in the amount of $98,550.00. Such loan was evidenced by a Promissory Note dated November 21, 1997 (the "Note"), a copy of which is attached as Exhibit A.

3.  To secure payment of the Note and performance of the other terms contained in it, the DEBTOR(S), Dean M. Boland, **and non-debtor, co-borrower, Lisa A. Boland,** executed a Security Agreement in favor of Assured Mortgage Corporation dated November 21, 1997 (the "Security Agreement"). The Security Agreement granted a lien on the Real Property, 2070 Brown Road, Lakewood, OH 44107, owned by DEBTOR(S), Dean M. Boland, **and non-debtor, co-borrower, Lisa A. Boland,** (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

  X  attached as Exhibit B;

  OR

  ☐  contained in the Note, attached as Exhibit A.

4.  The lien created by the Security Agreement was duly perfected by (check all that apply):

  X  Filing of the Security Agreement in the office of the Cuyahoga County Recorder on November 24, 1997.

  ☐  Filing of the UCC-1 Financing Statement in the office of _____ on <DATE>.

  ☐  Notation of the lien on the Certificate of Title.

  ☐  Other (state with particularity)_____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on the Cuyahoga County Recorder, the lien is the 1st lien on the Collateral.

5.  The entity in possession of the original Note as of the date of this motion, is U.S. Bank National Association.

6.  The entity servicing the loan is: U.S. Bank National Association. **Debtor(s)**

executed a promissory note secured by a mortgage or deed of trust. The promissory note is either

made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has

possession of the promissory note. Creditor is the original mortgagee or beneficiary or the

assignee of the mortgage or deed of trust.

7.      The Note was transferred, as evidenced by the following:

a.      If the Collateral is real estate:

i.      Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

N/A.

OR

By endorsement on the Note, payable to_____.

OR

By blank endorsement on the Note.

OR

By allonge attached to the Note, payable to_____.

OR

X      By blank allonge, attached to the Note. **The Note was transferred by endorsement from Assured Mortgage Corporation to The Leader Mortgage Company; By blank endorsement from The Leader Mortgage Company to blank.**

OR

The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon

which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):

_____

_____

_____.

OR

By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <___>. Explain why it provides Movant the authority to endorse the Note:

_____

_____

_____.

<ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to < _____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].>

<iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached at Exhibit <_>.>

<iv. Other_____ [explain].>

b. If the Collateral is not real estate (check one):

X          N/A.

OR

☐          From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER>     [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE

8.     The Security Agreement was transferred as follows (check one):

☐          N/A.

OR

X          From the original lender, mortgagee, or mortgagee's nominee **by way of Assignment of Mortgage executed on November 21, 1997 and recorded on November 24, 1997** to The Leader Mortgage Company.  The transfer is evidenced by the document(s) attached to this Motion as Exhibit C.

From The Leader Mortgage Company to U.S. Bank National Association by way of The Leader Mortgage Company's merger with and into U.S. Bank National Association.  The transfer is evidenced by the document(s) attached to this Motion as Exhibit D.

9.     The **2015** value of the Collateral is $111,400.00.  This valuation is based on Cuyahoga County Auditor.

10.     As of **May 13, 2016**, there is currently due and owing on the Note the outstanding principal balance of $42,092.34, plus interest accruing thereon at the rate of 5.950% per annum [$6.86 PER DAY] from February 1, 2016, as described in more detail on the worksheet.  The total provided in this paragraph cannot be relied upon as a payoff quotation.

11.     The amount due and owing on the Note as set forth in paragraph 10 DOES NOT include a credit for the sum held in a suspense account by the Movant.  The amount of the credit is $0.00.

12.     Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

☐          N/A.

☐          The <COUNTY> County Treasurer, for real estate taxes, in the amount of

$ <AMOUNT>.

    X      CO-OWNERS, Lisa A. Boland.

☐      <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE]>.

13.      The Movant is entitled to relief from the automatic stay under Bankruptcy Code

§ 362(d) for these reason(s) (check all that apply):

☐      Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons:   <EXPLAIN>                        .

☐      Debtor has failed to keep the Collateral insured as required by the Security Agreement.

☐      Debtor has failed to keep current the real estate taxes owed on the Collateral.

X      Debtor has failed to make periodic payments to Movant for the months of March 1, 2016 through May 1, 2016, which unpaid payments are in the aggregate amount of $3,195.60**, less suspense of $0.00, for a total amount due of $3,195.60** through May 1, 2016.  The total provided in this paragraph cannot be relied upon as a reinstatement quotation.   **An additional payment will come due on June 1, 2016 and on the 1st day of each month until the loan is paid in full.**

☐      Debtor has no equity in the Collateral, because the Collateral is valued at _____, and including the Movant's lien, there are liens in an aggregate amount of _____ on the Collateral.

☐      Other cause (set forth with specificity):_____

14.      Movant has completed the worksheet, attached as Exhibit E.

15.      Movant is entitled to an order directing the trustee to abandon the Collateral under

11 U.S.C. §554(b) for these reasons (check all that apply):

☐      The Collateral is burdensome to the estate because _____.

X       The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

WHEREFORE, Movant prays for an order from the Court:

(a)     granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable nonbankruptcy law; AND

(b)     AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO ABANDON THE COLLATERAL UNDER BANKRUPTCY CODE § 554.

Respectfully submitted,

/s/ Nicholas E. O'Bryan
Nicholas E. O'Bryan (0082711)
Attorney for Movant
7550 Paragon Road
Dayton, OH 45459
Telephone (937) 743-4878
Fax       (937) 743-4877
no'bryan@lauritolaw.com

<u>CERTIFICATE OF SERVICE</u>

I certify that on May 27, 2016 a true and correct copy of the Motion for Relief from Stay and Abandonment was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

      Dov Frankel, on behalf of Debtor, at dfrankel@taftlaw.com
      United States Trustee's Office, at (Registered address)@usdoj.gov
      Richard A. Baumgart, Trustee, at baumgart_trustee@dsb-law.com

And by regular U.S. mail, postage prepaid, on:

      Dean Maynard Boland, Debtor, at 1440 Lewis Drive, Lakewood, OH 44107
      Lisa A. Boland, Interested Party, at 14604 Garfield Avenue, Lakewood, OH 44107


                LAURITO & LAURITO, LLC

                /s/ Nicholas E. O'Bryan
                Nicholas E. O'Bryan (0082711)
                Attorney for Movant