**IT IS SO ORDERED.**

**Dated: 6 June, 2016 03:02 PM**



JESSICA E. PRICE SMITH
UNITED STATES BANKRUPTCY JUDGE

<br>

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE:** | **In Proceedings Under Chapter 7** |
| **DEAN BOLAND** | |
| | **CASE NO: 16-10250** |
| **Debtor.** | |
| | **JUDGE JESSICA E. PRICE SMITH** |

<u>**ORDER**</u>

The matter before the Court is the Debtor's Motion to Avoid Judgment Lien of Jane Doe and Jane Roe (Doc. No. 15). Creditors Jane Doe and Jane Roe objected (Doc. No. 26) and supplemented their objection (Doc. No. 35).

Debtor seeks to avoid Creditors' judgment lien pursuant to 11 U.S.C. § 522(f) because it impairs his homestead exemption. The auditor value of the property is $148,500. The Debtor has claimed a homestead exemption in the amount of $132,900 and there is a mortgage on the property in the amount of $104,140.41. Accordingly, Debtor is entitled to avoid the judgment lien pursuant to § 522(f) . Creditors request that the Court delay ruling on the Debtor's Motion until after they have prosecuted their dischargeability action against the Debtor. They seek to have the debt owed to them declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) (Adv. Proc. No. 16-1058.).

Creditors argue that the Debtor's Motion is "not ripe for adjudication. The removal of judgment liens are contingent on the debt being dischargeable in bankruptcy, either by order of the court after determination of a dischargeability proceeding or if no complaint is filed, by the bar date." In their Supplement, they state that if the Debtor's Motion is granted before conclusion of their adversary proceeding, the Debtor will be able to remove their lien and encumber or dispose of his property to their detriment. They fail, however, to cite to any statutory or other legal authority for their position that lien removal depends upon discharge of the underlying debt.

Contrary to Creditors' position, lien avoidance is independent from dischargeability of the underlying debt. Section 522(c) provides for certain exceptions where exempt property can be used to satisfy a non-dischargeable debt. Those exceptions, none of which apply here, include debts declared non-dischargeable pursuant to 11 U.S.C. §§523(a)(1) and (a)(5); prepetition tax debts; family support obligations; fraudulent student loan debts; and some obligations owed to banking regulators. Whether the debt owed to Creditors is declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) has no impact on Debtor's avoidance of the judgment lien to protect his homestead exemption. *See In re Hunnicutt*, 457 B.R. 463, 464 (Bankr. D.S.C. 2011)("Courts have routinely held that the avoidability of a lien is not affected by the dischargeability of the underlying debt."); *In re Slater*, 188 B.R. 852, 857 (Bankr.E.D.Wash. 1995)("[B]ecause 11 U.S.C. 522(c) specifically enumerates certain non-dischargeable pre-petition debts for which exempt property is liable, Congress clearly intended the avoidance powers of 522(f) be used to avoid judicial liens on exempt property secured by non-dischargeable debts not specifically protected by 522(c)."); *In re Vaughan*, 311 B.R. 573, 579 (BAP 10th Cir. 2004)("The fact that Section 522(c) expressly excepts a few debts that are

nondischargeable under Section 523, but makes no mention of others, evidences Congressional intent to insulate exempt property from most nondischargeable debts.")

Accordingly, Debtor's Motion is ripe and there is no reason to delay a ruling. Debtor's Motion to Avoid Judgment Lien states good cause and is granted. Creditors' opposition, as supplemented, is overruled.

**IT IS SO ORDERED.**