```
United States Bankruptcy Court
Northern District of Ohio
```

In re:                                                                                        Case No. 16-10250-jps
Dean Maynard Boland                                                                            Chapter 7
     Debtor

## CERTIFICATE OF NOTICE

District/off: 0647-1      User: mgaug      Page 1 of 1      Date Rcvd: Jun 07, 2016
                             Form ID: pdf718     Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 09, 2016.
```
db           +Dean Maynard Boland,    1440 Lewis Drive,     Lakewood, OH 44107-4826
aty          +Martha D. Bolton,    2240 Belleair Road,    Suite 115,    Clearwater, fl 33764-2768
aty          +Patrick M. O'Connor,    O'Connor Law Firm,    2240 Belleair Road,    Suite 115,
               Clearwater, fl 33764-2768
cr           +John W Forrest,    200 Public Square, Suite 3500,    Cleveland, Oh 44114-2317
cr           +Peter M. Lora,    c/o Sheldon Stein,    50 Public Square,    Cleveland, OH 44113-2202
cr           +Sheldon Stein,    S. Stein Company LLC,    50 Public Square, Ste. 400,    PO Box 5606,
               Cleveland, OH 44101-0606
cr           +Victoria Bloom,    c/o Sheldon Stein,    50 Public Square,    #400,    Cleveland, OH 44113-2203
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                              TOTAL: 0

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Matrix Financial Services Corp
cr              U.S. Bank National Association
                                                                                              TOTALS: 2, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 09, 2016                                              Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 7, 2016 at the address(es) listed below:
```
              Christopher P. Kennedy    on behalf of Creditor    Matrix Financial Services Corp
               bankruptcy@carlisle-law.com
              Dov  Frankel    on behalf of Debtor Dean Maynard Boland dfrankel@taftlaw.com,
               BHORVATH@TAFTLAW.COM;CLE_Docket_Assist@taftlaw.com
              Dov  Frankel    on behalf of Attorney Martha D. Bolton dfrankel@taftlaw.com,
               BHORVATH@TAFTLAW.COM;CLE_Docket_Assist@taftlaw.com
              Dov  Frankel    on behalf of Creditor John W Forrest dfrankel@taftlaw.com,
               BHORVATH@TAFTLAW.COM;CLE_Docket_Assist@taftlaw.com
              Dov  Frankel    on behalf of Attorney Patrick M. O'Connor dfrankel@taftlaw.com,
               BHORVATH@TAFTLAW.COM;CLE_Docket_Assist@taftlaw.com
              Jonathan E. Rosenbaum    on behalf of Creditor Peter M. Lora jerosenbaum@windstream.net
              Jonathan E. Rosenbaum    on behalf of Plaintiff Jane  Doe jerosenbaum@windstream.net
              Jonathan E. Rosenbaum    on behalf of Plaintiff Jane  Roe jerosenbaum@windstream.net
              Jonathan E. Rosenbaum    on behalf of Creditor Victoria  Bloom jerosenbaum@windstream.net
              Nicholas E. O'Bryan    on behalf of Creditor    U.S. Bank National Association
               bk-notices@lauritolaw.com
              Richard A. Baumgart    baumgart_trustee@dsb-law.com, rbaumgart@ecf.epiqsystems.com
              Sheldon  Stein    on behalf of Creditor Victoria  Bloom ssteindocs@gmail.com,
               kristine@ex100.com;sheldon@steintrustee.com
              Sheldon  Stein    on behalf of Plaintiff Jane  Doe ssteindocs@gmail.com,
               kristine@ex100.com;sheldon@steintrustee.com
              Sheldon  Stein    on behalf of Plaintiff Jane  Roe ssteindocs@gmail.com,
               kristine@ex100.com;sheldon@steintrustee.com
              Sheldon  Stein    on behalf of Creditor Sheldon  Stein ssteindocs@gmail.com,
               kristine@ex100.com;sheldon@steintrustee.com
              Sheldon  Stein    on behalf of Creditor Peter M. Lora ssteindocs@gmail.com,
               kristine@ex100.com;sheldon@steintrustee.com
              Stephen D. Hobt    on behalf of Creditor John W Forrest shobt@aol.com
              Stephen D. Hobt    on behalf of Debtor Dean Maynard Boland shobt@aol.com
              Stephen D. Hobt    on behalf of Defendant Dean Maynard Boland shobt@aol.com
                                                                                             TOTAL: 19
```

IT IS SO ORDERED.

Dated: 6 June, 2016 03:02 PM



JESSICA E. PRICE SMITH
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:  In Proceedings Under Chapter 7
    DEAN BOLAND

                                                                                        CASE NO: 16-10250

            Debtor.  JUDGE JESSICA E. PRICE SMITH

**<u>ORDER</u>**

The matter before the Court is the Debtor's Motion to Avoid Judgment Lien of Jane Doe and Jane Roe (Doc. No. 15). Creditors Jane Doe and Jane Roe objected (Doc. No. 26) and supplemented their objection (Doc. No. 35).

Debtor seeks to avoid Creditors' judgment lien pursuant to 11 U.S.C. § 522(f) because it impairs his homestead exemption. The auditor value of the property is $148,500. The Debtor has claimed a homestead exemption in the amount of $132,900 and there is a mortgage on the property in the amount of $104,140.41. Accordingly, Debtor is entitled to avoid the judgment lien pursuant to § 522(f). Creditors request that the Court delay ruling on the Debtor's Motion until after they have prosecuted their dischargeability action against the Debtor. They seek to have the debt owed to them declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) (Adv. Proc. No. 16-1058.).

Creditors argue that the Debtor's Motion is "not ripe for adjudication. The removal of judgment liens are contingent on the debt being dischargeable in bankruptcy, either by order of the court after determination of a dischargeability proceeding or if no complaint is filed, by the bar date." In their Supplement, they state that if the Debtor's Motion is granted before conclusion of their adversary proceeding, the Debtor will be able to remove their lien and encumber or dispose of his property to their detriment. They fail, however, to cite to any statutory or other legal authority for their position that lien removal depends upon discharge of the underlying debt.

Contrary to Creditors' position, lien avoidance is independent from dischargeability of the underlying debt. Section 522(c) provides for certain exceptions where exempt property can be used to satisfy a non-dischargeable debt. Those exceptions, none of which apply here, include debts declared non-dischargeable pursuant to 11 U.S.C. §§523(a)(1) and (a)(5); prepetition tax debts; family support obligations; fraudulent student loan debts; and some obligations owed to banking regulators. Whether the debt owed to Creditors is declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) has no impact on Debtor's avoidance of the judgment lien to protect his homestead exemption. *See In re Hunnicutt*, 457 B.R. 463, 464 (Bankr. D.S.C. 2011)("Courts have routinely held that the avoidability of a lien is not affected by the dischargeability of the underlying debt."); *In re Slater*, 188 B.R. 852, 857 (Bankr.E.D.Wash. 1995)("[B]ecause 11 U.S.C. 522(c) specifically enumerates certain non-dischargeable pre-petition debts for which exempt property is liable, Congress clearly intended the avoidance powers of 522(f) be used to avoid judicial liens on exempt property secured by non-dischargeable debts not specifically protected by 522(c)."); *In re Vaughan*, 311 B.R. 573, 579 (BAP 10th Cir. 2004)("The fact that Section 522(c) expressly excepts a few debts that are

nondischargeable under Section 523, but makes no mention of others, evidences Congressional intent to insulate exempt property from most nondischargeable debts.")

Accordingly, Debtor's Motion is ripe and there is no reason to delay a ruling. Debtor's Motion to Avoid Judgment Lien states good cause and is granted. Creditors' opposition, as supplemented, is overruled.

**IT IS SO ORDERED.**